Steven M. Johnson, Esq. (MT Bar #1835)
CHURCH, HARRIS, JOHNSON & WILLIAMS, P.C.
114 3rd St. S.
P. O. Box 1645
Great Falls, Montana 59403
Telephone:   (406) 761-3000
Telefax:      (406) 453-2313
sjohnson@chjw.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION

| | |
|---|---|
| Farm Credit Leasing Services Corporation,<br><br>           Plaintiff,<br><br>    v.<br><br>Clinton Ray Mullin, Jr.,<br><br>           Defendant. | Case No.:<br><br><br>**COMPLAINT** |

## INTRODUCTION

Plaintiff Farm Credit Leasing Services Corporation ("Farm Credit Leasing"), as and for its Complaint against Defendant Clinton Ray Mullin, Jr. ("Defendant"), states and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    Farm Credit Leasing is a federally chartered instrumentality of the United States with its principal place of business at 600 Highway 169 South, Suite 300, Minneapolis, Minnesota 55426.

2.      Defendant is an individual citizen of the State of Montana residing at 12365 County Road 319, Lambert, Montana 59243.

3.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and the parties are citizens of different states.

4.      Venue is appropriate in the District of Montana pursuant to 28 U.S.C. § 1391 because the Defendant resides in this district, and under L.R. 1.2 and L.R. 3.2(a), divisional venue is proper in the Billings Division since Defendant resides in Richland County.

## FACTS COMMON TO ALL COUNTS

5.      Farm Credit Leasing is engaged, among other things, in the business of leasing equipment and other personal property to businesses and sole proprietors in the agriculture industry. Among the customers of Farm Credit Leasing is Defendant, who, pursuant to certain commercial lease agreements, obtained possession of agriculture equipment from Farm Credit Leasing.

### The Heavy Harrow Lease

6.      On or about August 27, 2015, Defendant entered into a lease agreement with Farm Credit Leasing as evidenced by that certain Commercial Equipment Lease Agreement dated August 27, 2015, identified as contract number 001-0073254-000, executed and delivered by Defendant in favor of Farm Credit

Leasing (the "Heavy Harrow Lease"), for the purpose of leasing a 2015 Riteway Heavy Harrow, Model 7178, serial number 16811543 (the "Heavy Harrow"), pursuant to the terms and conditions as more specifically identified therein. A true and correct copy of the Heavy Harrow Lease is attached as **Exhibit 1** and is incorporated by reference.

7.     According to Paragraph 6 of the Heavy Harrow Lease, Defendant agreed that the Heavy Harrow would remain at the address identified in the Heavy Harrow Lease and that "the Equipment[1] will only be used in [Defendant's] trade or business . . . in accordance with applicable operating instructions, laws, government regulations, and applicable insurance policies."

8.     Pursuant to Paragraph 12 of the Heavy Harrow Lease, Defendant shall be in default if he:

- Fails to pay when due any rent or other amount required to be paid by Defendant hereunder or fails to maintain any insurance required hereunder;

- Fails to perform any other provisions hereunder or violates any of the covenants or representations made by Defendant herein and such failure or breach shall continue unremedied for a period of 10 days after written notice to Defendant; or

- Shall be in default under any other agreement between Farm Credit Leasing and Defendant or under any material obligation to a third party for borrowed money or deferred purchase price of property.

---

[1] As defined therein.

9.     Paragraph 13 of the Heavy Harrow Lease provides that upon a default, Farm Credit Leasing shall have the right, in its sole discretion to exercise its remedies, which include, but are not limited to:

- Repossess the Heavy Harrow without demand or notice, and without court order or legal proceeding, and sell or lease the Heavy Harrow or otherwise, dispose, hold or use such Heavy Harrow at its discretion;

- Recover from Defendant all rent and other amounts then due and to become due hereunder;

- Recover from Defendant all of Farm Credit Leasing's costs and expenses (including legal expenses and attorney's fees) in enforcing the Heavy Harrow Lease;

- Avail itself of any other remedy available at law or in equity, including but not limited to seeking damages, specific performance or an injunction; and

- Recover from Defendant an amount equal to the sum of:

    A.     Any accrued and unpaid rentals as of the date Farm Credit Leasing obtains possession of the Heavy Harrow following Defendant's default; plus

    B.     The present value of all future rentals reserved on any schedule and contracted to be paid over the unexpired term and the present value of the anticipated residual value of the Heavy Harrow at the expiration of the schedule, discounted at a rate equal to the six (6) month U.S. Treasury Bill rate; plus

    C.     All costs and expenses incurred by Farm Credit Leasing in any repossession, recovery, storage,

repair, sale, re-lease, or other disposition of the Heavy Harrow including reasonable attorney's fees resulting from Defendant's default; less

D.  The amount received by Farm Credit Leasing upon the sale or re-lease of the Heavy Harrow, if any.

10.   Pursuant to the Heavy Harrow Lease, Defendant agreed to make five consecutive annual payments of $10,830.27 commencing in August 2015. According to the plain language of the Heavy Harrow Lease, Defendant's right to possession of the Heavy Harrow expires upon the earlier of the Defendant defaulting on the Heavy Harrow Lease or Farm Credit Leasing's receipt of Defendant's final lease payment at the end of the term in August 2020. Defendant agreed to an end-of-lease residual and purchase option price of $11,994.00.

11.   Defendant failed to adhere to his payment obligations under the Heavy Harrow Lease and is in default. Accordingly, and pursuant to the terms and conditions set forth in the Heavy Harrow Lease, Farm Credit Leasing is entitled to take possession of the Heavy Harrow and is entitled to recover the amounts due under the terms of the Heavy Harrow Lease as April 5, 2018, of not less than $45,930.10, in addition to prejudgment interest, costs, legal expenses and reasonable attorneys' fees incurred.

<u>The Roller Lease</u>

12.   On or about April 20, 2016, Defendant entered into another lease agreement with Farm Credit Leasing as evidenced by that certain Commercial

Equipment Lease Agreement dated April 20, 2016, identified as contract number 001-0078341-000, executed and delivered by Defendant in favor of Farm Credit Leasing (the "Roller Lease"; together with the Heavy Harrow Lease, the "Leases"), for the purpose of leasing a 2016 Riteway Roller, Model F350NT, serial number 16-2724 (the "Roller"; together with the Heavy Harrow, the "Equipment"), pursuant to the terms and conditions as more specifically identified therein. A true and correct copy of the Roller Lease is attached as **Exhibit 2** and is incorporated by reference.

13.     According to Paragraph 6 of the Roller Lease, Defendant agreed that the Roller would remain at the address identified in the Roller Lease and that "the Equipment[2] will only be used in [Defendant's] trade or business . . . in accordance with applicable operating instructions, laws, government regulations, and applicable insurance policies."

14.     Pursuant to Paragraph 12 of the Roller Lease, Defendant shall be in default if he:

- Fails to pay when due any rent or other amount required to be paid by Defendant hereunder or fails to maintain any insurance required hereunder;

- Fails to perform any other provisions hereunder or violates any of the covenants or representations made by Defendant herein and such failure or breach shall

---

[2] As defined therein.

continue unremedied for a period of 10 days after written notice to Defendant; or

- Shall be in default under any other agreement between Farm Credit Leasing and Defendant or under any material obligation to a third party for borrowed money or deferred purchase price of property.

15. Paragraph 13 of the Roller Lease provides that upon a default, Farm Credit Leasing shall have the right, in its sole discretion to exercise its remedies, which include, but are not limited to:

- Repossess the Roller without demand or notice, and without court order or legal proceeding, and sell or lease the Roller or otherwise, dispose, hold or use such Roller at its discretion;

- Recover from Defendant all rent and other amounts then due and to become due hereunder;

- Recover from Defendant all of Farm Credit Leasing's costs and expenses (including legal expenses and attorney's fees) in enforcing the Roller Lease;

- Avail itself of any other remedy available at law or in equity, including but not limited to seeking damages, specific performance or an injunction; and

- Recover from Defendant an amount equal to the sum of:

  A. Any accrued and unpaid rentals as of the date Farm Credit Leasing obtains possession of the Roller following Defendant's default; plus

  B. The present value of all future rentals reserved on any schedule and contracted to be paid over the unexpired term and the present value of the

anticipated residual value of the Roller at the expiration of the schedule, discounted at a rate equal to the six (6) month U.S. Treasury Bill rate; plus

C.   All costs and expenses incurred by Farm Credit Leasing in any repossession, recovery, storage, repair, sale, re-lease, or other disposition of the Roller including reasonable attorney's fees resulting from Defendant's default; less

D.   The amount received by Farm Credit Leasing upon the sale or re-lease of the Roller, if any.

16.   Pursuant to the Roller Lease, Defendant agreed to make five consecutive annual payments of $7,871.82 commencing in April 2016. According to the plain language of the Roller Lease, Defendant's right to possession of the Roller expires upon the earlier of the Defendant defaulting on the Roller Lease or Farm Credit Leasing's receipt of Defendant's final lease payment at the end of the term in April 2021. Defendant agreed to an end-of-lease residual and purchase option price of $8,794.00.

17.   Defendant failed to adhere to his payment obligations under the Roller Lease and is in default. Accordingly, and pursuant to the terms and conditions set forth in the Roller Lease, Farm Credit Leasing is entitled to take possession of the Roller and is entitled to recover the amounts due under the terms of the Roller Lease as April 5, 2018, of not less than $41,962.42, in addition to prejudgment interest, costs, legal expenses and reasonable attorneys' fees incurred.

<u>Defendant's Defaults</u>

18.     As a consequence of Defendant's defaults, Farm Credit Leasing issued a Notice of Default to Defendant on or about September 11, 2017. Defendant failed to cure the defaults and did not attempt to contact Farm Credit Leasing to address the defaults. A true and correct copy of the Notice of Default is attached as **<u>Exhibit 3</u>** and is incorporated by reference.

19.     As a consequence of Defendant's defaults and failure to cure the defaults, Farm Credit Leasing issued a Notice of Acceleration to Defendant on or about October 27, 2017. Defendant failed to respond to the notice or attempt to contact Farm Credit Leasing in an effort to address the matter. A true and correct copy of the Notice of Acceleration is attached as **<u>Exhibit 4</u>** and is incorporated by reference.

20.     Defendant has defaulted and is in breach of the Leases, entitling Farm Credit Leasing to exercise its remedies afforded under the Leases and state law. Such remedies include, but are not limited to taking possession of the Equipment and recovering the total amounts due under the terms of the Leases as of April 5, 2018, of not less than $87,892.52 in addition to prejudgment interest, costs, legal expenses and reasonable attorneys' fees incurred.

## COUNT I
## BREACH OF CONTRACT

21.    Farm Credit Leasing restates, realleges, and adopts by reference all allegations contained in Paragraphs 1 through 20 as though fully set forth herein.

22.    Farm Credit Leasing and Defendant are parties to the Leases, each of which constitutes an enforceable contract.

23.    Farm Credit Leasing has performed all conditions precedent as required of it pursuant to the Leases.

24.    Defendant has breached the Leases by failing to make the required payments due to Farm Credit Leasing; therefore, Defendant is in default of his obligations.

25.    As a direct and proximate result of Defendant's defaults and breaches of contracts, Farm Credit Leasing is entitled to possession of the Equipment, and it has suffered damages as of April 5, 2018, of not less than $87,892.52 in addition to prejudgment interest, costs, legal expenses and reasonable attorneys' fees incurred.

## COUNT II
## UNJUST ENRICHMENT

26.    Farm Credit Leasing restates, realleges, and adopts by reference all allegations contained in Paragraphs 1 through 25 as though fully set forth herein.

27.    Farm Credit Leasing leased the Equipment to Defendant, who received and utilized, and continues to utilize, the Equipment.

00372609.DOCX.1                                10

28.     Demand has been made for payment, but Defendant has failed and refused to make payment.

29.     As a result, Defendant has been unjustly enriched in the amount of at least, as of April 5, 2018, of not less than $87,892.52 in addition to prejudgment interest, costs, legal expenses and reasonable attorneys' fees incurred.

## COUNT III
## CLAIM AND DELIVERY PURSUANT TO MONT. CODE ANN.
## § 27-17-101, et seq.

30.     Farm Credit Leasing restates, realleges, and adopts by reference all allegations contained in Paragraphs 1 through 29 as though fully set forth herein.

31.     Pursuant to the terms and conditions of the Leases, Farm Credit Leasing is entitled to possession of the Equipment upon a default of Defendant's obligations to Farm Credit Leasing.

32.     Defendant is in breach of his obligations under the Leases by virtue of his failure to make payments to Farm Credit Leasing.

33.     By virtue of Defendant's breach of his obligations under the Leases, Defendant is no longer entitled to use and possess the Equipment, and he is wrongfully detaining it.

34.     Farm Credit Leasing is entitled to an order (i) directing Defendant to deliver, or cause to be delivered, the Equipment to a location to be designated by Farm Credit Leasing, or such other locations as agreed by the parties; (ii) directing

that the Equipment be immediately and permanently seized and taken from the possession of Defendant; and (iii) directing that the Equipment be delivered to Farm Credit Leasing or its designated agent.

## **PRAYER FOR RELIEF**

WHEREFORE, Farm Credit Leasing prays that the Court:

A.     Enter a judgment and order directing Defendant to deliver, or cause to be delivered, the Equipment to a location to be designated by Farm Credit Leasing or the Court;

B.     Enter a judgment and seizure order directing law enforcement to seize the Equipment and deliver possession to Farm Credit Leasing or its agent;

C.     Enter a judgment and order granting Farm Credit Leasing the exclusive right to possession of the Equipment;

D.     Enter judgment against Defendant and in favor of Farm Credit Leasing for damages for Defendant's breach of the Leases and/or unjust enrichment in an amount to be proven at trial, but not less than, as of April 5, 2018, $87,892.52, in addition to prejudgment interest, costs, legal expenses and reasonable attorneys' fees incurred; and

E.     Award Farm Credit Leasing such other and further relief as the Court deems just and equitable.

Dated: April 17, 2018

**CHURCH HARRIS JOHNSON & WILLIAMS PC**

By: /s/ *Steven M. Johnson*
      Steven M. Johnson
      114 3rd St S
      Great Falls MT  59401
      Telephone: (406) 761-3000
      Email: sjohnson@chjw.com


**STINSON LEONARD STREET LLP**

Benjamin J. Court (MN Bar #0319016)
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
Email: benjamin.court@stinson.com

**ATTORNEYS FOR FARM CREDIT LEASING
SERVICES CORPORATION**